UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CIVIL ACTION NO. 11-298-JBC**

**ADAM SHELL,**                            **PLAINTIFF**

**V.**         **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,**             **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \*

   This matter is before the court on cross-motions for summary judgment on Adam Shell's appeal from the Commissioner's denial of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court will grant the Commissioner's motion, R.11, and deny Shell's motion, R. 10, because substantial evidence supports the administrative decision.

   At the date of his disability filing, Shell was a 21-year-old man with a high-school education and past work experience as a cleaner in a surface coal mine. AR 30, 50, 176, 180. He alleged disability beginning July 31, 2008, due to neck and back problems and bleeding on the brain due to a motor vehicle accident. AR 174-75. He filed his applications on October 20, 2009, and after several administrative denials and appeals, Administrative Law Judge ("ALJ") Todd Spangler issued a decision determining that Shell was not disabled. AR 12-20, 149, 153. Under the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1984); 20 C.F.R. § 404.1520, the ALJ found that Shell had not engaged in substantial gainful activity since July 31, 2008, the alleged

1

onset date; that he had "severe" impairments consisting of postconcussion syndrome and cervical, thoracic, and lumbar spine arthralgias; that his impairments, whether considered singly or in combination, did not meet or equal one of the Commissioner's Listings of Impairment; that he retained the residual functional capacity ("RFC") to perform a reduced range of light-level work; and that, based on his RFC and the testimony of a vocational expert ("VE"), a significant number of unskilled jobs exist in the economy that Shell could perform. AR 14-16. The ALJ thus denied Shell's claim of disability on May 27, 2011. AR 19-20. The Appeals Council declined to review, AR 1-6, and this action followed.

Shell describes the issue on review only generally: whether the Commissioner's decision is supported by substantial evidence. He contends that the ALJ did not consider all of the evidence in reaching his decision, did not evaluate his complaints of pain correctly, and that he should be awarded benefits because he could not perform his past relevant work. R. 10 at 1, 6-9.

The ALJ properly considered the relevant evidence in making his determination. The ALJ reviewed hospitalization records following Shell's July 31, 2008, motor vehicle accident, which included X-rays and CT scans showing no fractures or dislocations and a "very small" subdural hematoma. AR 14-15, 267-69, 284, 301, 304. An MRI of Shell's brain in November 2008 showed that the hematoma had resolved. AR 306. Shell's family physician, Dr. José Echeverria, prescribed narcotic pain medication for neck pain, while noting that Shell had no reflex, sensory or motor deficits. AR 352. He referred his patient to a neurologist,

2

Dr. Chandrashekar Krishnaswamy, for evaluation of headaches, but Dr. Krishnaswamy found few abnormalities on examination other than an inability to tandem walk, and another MRI of Shell's brain performed at his direction early in 2009 was also normal. AR 519-20, 530-33, 542.  Neither physician suggested any functional restrictions.  Dr. Echeverria refused to continue treating Shell after May 2010 because he did not promptly appear for a "pill count." AR 416, 546.  Shell subsequently refused non-narcotic pain medications from another physician. AR 412-13.

The ALJ evaluated the only opinions that addressed functional physical restrictions.  He gave significant weight to the opinion of a state agency physician, Dr. Alex Guerrero, who reviewed the evidence as of July 2, 2010, and opined that Shell was capable of lifting 50 pounds occasionally and 25 pounds frequently, that he should never balance and only occasionally crouch and crawl, that he was limited to occasional overhead reaching due to his cervical spine and pain problems, and that he should avoid concentrated exposure to extreme cold and vibration. AR 471-77. These findings are consistent with the hypothetical question the ALJ posed to the VE. AR 51.

The ALJ declined to give significant weight to the only other opinion, which was offered by Dr. James Chaney on November 22, 2010. Dr. Chaney limited Shell to less than sedentary-level lifting and less than full-time sitting and standing. AR 500–501.  The ALJ properly declined to give weight to Dr. Chaney's opinion because it was not supported by his clinical observations or by the remainder of the

3

record. AR 18. The record contains no office notes from Dr. Chaney, and the only objective finding listed on his brief report is weakness of the arms and legs. AR 501. Dr. Chaney also refers to unspecified MRI findings, but the only MRI findings in the record are normal. AR 306, 542.

Generally, the findings of an examining source are entitled to greater weight than those of a non-examiner, such as Dr. Guerrero. *See* 20 C.F.R. § 404.1527(d)(1); § 404.927(d)(1). In the present case, it is not entirely clear that Dr. Chaney even examined Shell, given the lack of supporting documentation. Assuming that he was an examining source, a reasonable finder of fact such as the ALJ could have concluded that there were insufficient signs, symptoms, and laboratory findings supporting Dr. Chaney's opinion for it to be entitled to appreciable weight. *See, e.g., Her v. Com'r of Soc. Sec.,* 203 F.3d 388, 390 (6th Cir. 1999).

The ALJ properly evaluated Shell's complaints of depression. He noted that treatment records from the Comprehensive Care Center (CCC) showed only a diagnosis of mood disorder and that the most recent note from the staff psychiatrist, Dr. Syed Raza, indicated that his depression had improved. AR 15, 558. A mere diagnosis of a mental condition does not establish disability. *See Foster v. Bowen,* 853 F.2d 483, 489 (6th Cir. 1988). Dr. Jeanne Bennett, a psychologist, evaluated Shell on February 27, 2010, and found no more than a slight to moderate limitation in his capacity to respond appropriately to supervision, coworkers, and work pressures. AR 391-96. State agency psychologists who

4

reviewed the evidence found no evidence of a "severe" mental impairment. AR 397, 456. The ALJ reasonably found that depression did not cause more than a minimal limitation in Shell's ability to perform basic work activities and was therefore not severe. *See Crady v. Sec'y of Health and Human Servs.,* 835 F.2d 617, 620-21 (6th Cir. 1986).

Shell's allegation that the ALJ did not properly consider his complaints of pain is without merit. Shell does not cite any specific piece of evidence for finding fault with the ALJ's evaluation. The ALJ properly followed the two-step procedure for evaluating a claimant's testimony. *See Duncan v. Sec'y of Health and Human Servs.,* 801 F.2d 847, 853 (6th Cir. 1986). First, he determined that Shell had an underlying medically determinable impairment that could reasonably be expected to produce his pain. Second, he found that the intensity, persistence, and functionally limiting effects of his pain were not entirely credible, based on the lack of objective findings and Shell's refusal of non-narcotic pain medications and further neurological treatment. AR 17-18.

Finally, Shell is incorrect in contending that he is disabled because he could not perform his past relevant work as a "cleaner" at a strip mine. When a claimant establishes that he cannot perform his past relevant work, the burden shifts to the Commissioner to prove he is capable of performing other jobs. *See Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). The VE testified that a significant number of other unskilled jobs in the regional and national economies were available to an individual of Shell's age, education, work experience, and residual

5

functional capacity. AR 51-52. The Commissioner therefore carried his burden, at Step Five of the sequential evaluation, of showing that jobs existed that Shell could perform.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Shell's motion for summary judgment, R. 12, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R.13, is **GRANTED**.

The court will enter a separate judgment.

Signed on January 3, 2013

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY